[PUBLISH]

In the
# United States Court of Appeals
For the Eleventh Circuit

_____

No. 21-14514

_____

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

*versus*

CHAVAR ALEC HARRISON,

　　　　　　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00086-JRH-BKE-1

_____

Before WILSON, JILL PRYOR, Circuit Judges, and RUIZ,[*] District Judge.

RUIZ, District Judge:

This case is about whether Georgia's robbery statute, O.C.G.A. § 16-8-40, is divisible under *Mathis v. United States*, 579 U.S. 500 (2016), and if so, whether robbery by intimidation under Georgia law is a crime of violence within the meaning of Section 4B1.2 of the United States Sentencing Guidelines. We conclude the answer to both questions is yes. Therefore, the district court erred when it held otherwise, and we vacate Chavar Harrison's sentence and remand for resentencing.

I.

In 1997, Chavar Harrison was charged with armed robbery under Georgia law. He ultimately pled guilty to the lesser included offense of robbery by intimidation. On April 17, 2020, officers from the Richmond County Sherriff's Office stopped Harrison for a traffic violation. During the stop, the officers conducted a probable cause search of Harrison's vehicle after they smelled marijuana emanating from it. Though the officers did not find marijuana, they located a loaded handgun, and Harrison proceeded to speak with the officers about his possession of the firearm.

---

[*] Honorable Rodolfo A. Ruiz II, United States District Judge for the Southern District of Florida, sitting by designation.

A grand jury later indicted Harrison for one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), to which Harrison pled guilty. The provision of the United States Sentencing Guidelines applicable to that offense provides for a base offense level of twenty when, relevant to this appeal, "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The probation officer who prepared the presentence investigation report ("PSR") classified Harrison's prior conviction for robbery by intimidation under Georgia law as a conviction of a crime of violence. Accordingly, Harrison's PSR assigned him a base offense level of twenty and a total offense level of seventeen under the Guidelines after applying reductions for acceptance of responsibility. With a total offense level of seventeen and a criminal history category of IV, the Guidelines provided an advisory sentencing range of thirty-seven to forty-six months' imprisonment.

Harrison objected to the PSR's classification of his prior conviction. He argued that robbery by sudden snatching, found within Georgia's robbery statute, is not a crime of violence and Georgia's robbery statute is indivisible under *Mathis*. Consequently, this would preclude robbery by intimidation from qualifying as a crime of violence. At the sentencing hearing, the district court held the statute is indivisible. Accordingly, the district court reduced Harrison's base offense level to fourteen and his total offense level to

twelve. Because of that adjustment, Harrison's advisory sentencing range under the Guidelines was recalculated to twenty-one to twenty-seven months' imprisonment, and the district court sentenced Harrison to twenty-one months' imprisonment followed by three years of supervised release. The Government timely appealed the district court's determination that Georgia's robbery statute is indivisible.

## II.

Georgia's robbery statute provides that:

(a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:

>(1) By use of force;

>(2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or

>(3) By sudden snatching.

(b) A person convicted of the offense of robbery shall be punished by imprisonment for not less than one nor more than 20 years.

O.C.G.A. § 16-8-40(a)–(b).

21-14514               Opinion of the Court                        5

We review de novo whether an offense is a "crime of violence" within the meaning of the Guidelines. *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).

The provision of the Guidelines relevant to Harrison's conviction assigns an increased base offense level where the defendant commits any part of the offense after being convicted of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). Commentary to Section 2K2.1 directs that Section 4B1.2 defines what offenses constitute crimes of violence. Under Section 4B1.2, an offense is a crime of violence if it either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) is an enumerated offense listed in Section 4B1.2(a)(2). U.S.S.G. § 4B1.2(a). The former is commonly known as the "elements clause" and the latter the "enumerated clause."

To determine if an offense qualifies under either clause, we must use a "categorical approach." *United States v. Eason*, 953 F.3d 1184, 1189 (11th Cir. 2020).[1] Under the categorical approach, we do not look to the "specific conduct" underlying the defendant's conviction. *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017) (quoting *Mathis*, 579 U.S. at 510). Instead, we must "presume

---

[1] This categorial approach is also used to determine what offenses qualify as a "violent felony" under the Armed Career Criminal Act or an "aggravated felony" under the Immigration and Nationality Act, and we therefore look to cases construing those statutes for instruction when determining what constitutes a crime of violence under the Guidelines. *See, e.g.*, *Eason*, 953 F.3d at 1189 n.3; *Cintron v. U.S. Att'y Gen.*, 882 F.3d 1380, 1384 n.3 (11th Cir. 2018).

that the conviction 'rested upon nothing more than the least of the acts' criminalized" by the statute. *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (alterations accepted) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).  So, we look to "the elements of the statute of conviction" and determine if the least of the acts criminalized qualifies as a crime of violence. *United States v. Oliver*, 962 F.3d 1311, 1316 (11th Cir. 2020) (quoting *Davis*, 875 F.3d at 597).  If it does not, a conviction under the statute cannot qualify as a crime of violence. *Id.*  The Government and Harrison agree that robbery by sudden snatching is not a crime of violence under either clause, so applying the categorical approach to the entire statute would require holding that robbery by intimidation is not a crime of violence.

However, some statutes are "divisible."  A divisible statute "lists multiple, alternative elements, and so effectively creates 'several different crimes.'" *Descamps v. United States*, 570 U.S. 254, 264 (2013) (alterations accepted) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).  When a statute is divisible, we employ the "modified categorical approach" and look to a "limited class of documents" to determine the offense underlying a defendant's prior conviction. *Mathis*, 579 U.S. at 505–06.  We then determine if the offense underlying a defendant's prior conviction is a crime of violence by applying the categorical approach only to that offense.

The parties disagree on the divisibility of Georgia's robbery statute.  Harrison contends the statute provides for one offense—robbery—that a defendant may commit through the alternatives

listed in the statute. The Government reads the statute as setting forth separate offenses, including robbery by force, robbery by intimidation, and robbery by sudden snatching. And because the parties agree robbery by sudden snatching is not a crime of violence, we must resolve the divisibility dispute before we can consider if robbery by intimidation qualifies as a crime of violence.[2]

### A. Divisibility of Georgia's Robbery Statute

A statute is divisible when the alternatives it lists are elements as opposed to means. *Oliver*, 962 F.3d at 1317. An element is a "constituent part[]" of the crime's definition. *Mathis*, 579 U.S. at 504. In contrast, means are simply facts that are "extraneous to the crime's legal requirements." *Id.* The Supreme Court has provided a framework for determining if a statute lists elements (and is divisible) or means (and is indivisible).

First, we look to "authoritative sources of state law." *Id.* at 518. These authoritative sources include the text of the statute and state court decisions. *Id.* If we are left with an unclear answer after consulting the statute and state caselaw, we then look to the "record of [the] prior conviction," including jury instructions and the indictment. *Id.* at 518–19. Finally, if after looking to these sources

---

[2] Relying on the Guidelines' residual clause, this Court has held, in a nonprecedential decision, that Georgia robbery by sudden snatching is a crime of violence under the Guidelines. *United States v. Cooper*, 689 F. App'x 901, 907 (11th Cir. 2017). As *Cooper* relied on the residual clause, which has since been removed from the Guidelines, it is not instructive here.

8                     Opinion of the Court                    21-14514

we remain unsure if the statute is divisible, we "must resolve the inquiry in favor of indivisibility." *Cintron*, 882 F.3d at 1385.

Under this framework, the text of Georgia's statutes makes clear that Georgia's robbery statute is divisible and robbery by force, robbery by intimidation, and robbery by sudden snatching are separate offenses.[3] And we find further support for divisibility in Georgia caselaw and the record of Harrison's conviction.

As with any statute, we begin with the text. The text of a statute can indicate divisibility in several ways. A statute might provide what "must be charged"—elements—and what does not need to be charged—means. *Mathis*, 579 U.S. at 518. If the statutory alternatives carry different punishments, they "must be elements." *Id.* And when a statute provides a list of "illustrative examples"—which we have interpreted to mean a "non-exhaustive list"—the alternatives are means. *Oliver*, 962 F.3d at 1317 (quoting *Mathis*, 579 U.S. at 518).

Georgia's robbery statute does not provide what statutory alternatives the State must charge. But the statute contains a list of only three alternatives listed with the disjunctive "or." A criminal statute that uses a disjunctive term "like 'or' . . . can signal either (1) the listing of alternative elements, thus creating multiple

---

[3] In two nonprecedential decisions, we have treated the instant statute as divisible and Georgia robbery by intimidation as its own distinct offense. *See Avery v. United States*, 819 F. App'x 749, 753–54 (11th Cir. 2020); *Lloyd v. United States*, No. 17-13276, 2018 WL 7108249, at *3 (11th Cir. Oct. 31, 2018).

crimes, or (2) the listing of alternative means of committing a single offense with an indivisible set of elements." *United States v. Gundy*, 842 F.3d 1156, 1162 (11th Cir. 2016) (citing *Mathis*, 579 U.S. at 506). So, although the use of the disjunctive "or" to separate robbery by force, robbery by intimidation, and robbery by sudden snatching can indicate divisibility, it is inconclusive because it alone does not definitively reveal whether the listed alternatives are elements or means. *Compare United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020) ("The statute lists [the statutory alternatives] in the disjunctive, which indicates that they are elements in the alternative[.]"), *with Cintron*, 882 F.3d at 1388 (holding prior version of Fla. Stat. § 893.135(1)(c)1. indivisible when the alternatives were separated by "or").

*Mathis* directs us to look for other textual clues, such as whether the alternatives carry different punishments or are part of a non-exhaustive list of "illustrative examples." As to the punishment, the statute provides the same penalty for all alternatives. But while alternatives carrying different punishments must be elements, it does not follow that alternatives carrying the same punishment are means. We have previously recognized this distinction and held statutes whose alternatives carry the same punishment as divisible. *See, e.g.*, *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1177 (11th Cir. 2016) (holding Fla. Stat. § 893.13(1)(a) divisible when the statute provided the same punishment for each alternative). Next, if the alternatives are "illustrative examples," the alternatives are means. *Mathis,* 579 U.S. at 518. Here, the statute uses

no prefatory terms like "includes" or "such as" to indicate that the listed alternatives are "illustrative examples." *Gundy*, 842 F.3d at 1166. Instead, the statute includes an exhaustive list of the three alternatives.

Our statutory analysis, however, is not yet complete. We must also interpret Georgia's robbery statute alongside its related statutes. ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 39, at 252 (2012). And in interpreting any statute, we must give effect to its plain and ordinary meaning. *United States v. Chinchilla*, 987 F.3d 1303, 1313 (11th Cir. 2021). Further, to the extent possible, we must give operative effect to every word of the statute and avoid a reading that renders words superfluous. *Duncan v. Walker*, 533 U.S. 167, 174 (2001).

One such related statute, Georgia's armed robbery statute, convinces us that the robbery statute is divisible. That statute provides "[t]he offense of robbery by intimidation shall be a *lesser included offense* in the offense of armed robbery." O.C.G.A. § 16-8-41(a) (emphasis added). By specifying robbery by intimidation as a lesser included offense, the statute makes clear that robbery by intimidation is a standalone offense—not a means by which to commit robbery. To hold otherwise would be in derogation of the plain text of Georgia's armed robbery statute and render the provision on robbery by intimidation superfluous.

Turning to state caselaw, we look for a state court decision that clarifies whether a "jury need not agree" on the statutory alternative committed. *Mathis*, 579 U.S. at 517–18. As *Mathis*

instructs, "[w]hen a ruling of that kind exists" the only thing for a sentencing judge to do is "follow what it says." *Id.* Georgia caselaw defines robbery by force, robbery by intimidation, and robbery by sudden snatching differently—which indicates they are separate offenses. Robbery by force involves "personal violence or that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight." *Bellamy v. State*, 750 S.E.2d 395, 396 (Ga. Ct. App. 2013) (quoting *Franklin v. State*, 648 S.E.2d 746, 748 (Ga. Ct. App. 2007)). Robbery by intimidation "requires proof that the theft was attended with such circumstances of terror—such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person." *Johnson v. State*, 392 S.E.2d 280, 282 (Ga. Ct. App. 1990) (alteration accepted) (internal quotation marks omitted). And robbery by sudden snatching occurs when "no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person." *King v. State*, 447 S.E.2d 645, 647 (Ga. Ct. App. 1994) (quoting *Edwards v. State*, 164 S.E.2d 120, 121 (Ga. 1968)).

The parties cite decisions relating to Georgia's robbery statute that purportedly support their respective readings. *Compare, e.g.*, *Pride v. State*, 53 S.E. 192, 192 (Ga. 1906) (describing the three forms of robbery as "grades"), *with Kilpatrick v. State*, 618 S.E.2d 719, 720 (Ga. Ct. App. 2005) (stating that the three forms of robbery

are "alternative ways" to commit "the offense of robbery"). But regardless of the language used in these decisions, they do not provide insight into the relevant inquiry: whether a jury needs to agree on the alternative committed.

We are not without guidance, however, from Georgia caselaw. In *Millender v. State*, the Court of Appeals of Georgia held that robbery by sudden snatching is a lesser included offense of armed robbery as a matter of law. 648 S.E.2d 777, 779 (Ct. App. Ga. 2007). The court explained that Georgia's armed robbery statute specifically includes robbery by intimidation as a lesser included offense, "because 'robbery by intimidation, unlike armed robbery, robbery by force, or robbery by sudden snatching, may be accomplished without a weapon or an overt act of physical force.'" *Id.* at 779 n.6 (alteration accepted) (quoting *Richards v. State*, 623 S.E.2d 222, 222 (Ct. App. Ga. 2005)). If one form of robbery is not a lesser included offense of armed robbery as a matter of law, the alternatives must be separate offenses.

Taken together, the text of the statute and caselaw support divisibility. *Mathis* tells us we only need to go further if we are uncertain at this stage. We are not. For completeness, however, we note that the record of Harrison's conviction resolves any remaining doubt. Such record materials might indicate the alternatives in a statute are means by, for example, using a "single umbrella term" or simply "reiterating all the terms" of the statute. *Mathis*, 579 U.S. at 519. Alternatively, they might indicate the

21-14514               Opinion of the Court                        13

statute lists elements "by referencing one alternative term to the exclusion of all others." *Id.*

The final disposition of Harrison's prior conviction indicates the statute is divisible by stating he was convicted of robbery by intimidation specifically rather than using an umbrella term such as "robbery" or simply reiterating all the alternatives provided by the statute. Georgia's pattern jury instructions on robbery indicate the statute is divisible as well. The parties advance competing versions of Georgia's jury instructions, used at different times, to support their respective readings of the statute. But all versions cited allow a court to tailor the instructions to only reference the relevant form of robbery. So all versions of these instructions reference one statutory alternative to the exclusion of all others when tailored accordingly, indicating the statute they accompany is divisible.

Harrison puts forward two arguments in support of his contention that Georgia's pattern jury instructions indicate the statute is not divisible—one aimed at prior versions of Georgia's jury instructions and one aimed at the current version. Neither persuades us. One cited version of the instructions directed courts to tailor them to a specific form of robbery by providing the alternatives in parentheticals, like so:

> A person commits robbery when . . . that person takes property of another from the person, or the immediate presence of another (by use of force) (by intimidation, by use of threat or coercion, or by placing such

> person in fear of immediate serious bodily injury to that person, or to another) (suddenly snatching).

*See, e.g.*, 2 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions § J(1) (2d ed. 1991). That section is clear. The instructions then state, however, that the essential elements of robbery are that the taking of property was done: (1) "with the purpose to commit theft"; (2) "[a]gainst the will of the person robbed"; and (3) "[b]y force, by intimidation, by the use of threat or coercion, or by placing such person, or another, in fear of immediate serious bodily injury to himself/herself, or another, or by sudden snatching." *Id.*

Because the instruction on the third element lists all alternatives, Harrison argues a jury does not need to agree on whether a robbery was committed by force, by intimidation, or by sudden snatching. The Fourth Circuit has agreed with this reading. *See United States v. Fluker*, 891 F.3d 541, 548 n.3 (4th Cir. 2018).[4] The most recent version of Georgia's pattern jury instructions forecloses this argument by including parentheticals in this section of the instructions. 2 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions § 2.60.10 (4th ed. 2007) ("2007 Pattern Jury Instructions").

---

[4] The Fourth Circuit has also followed the same reading in an unpublished opinion. *United States v. Jackson*, 713 F. App'x 172, 176 (4th Cir. 2017).

21-14514               Opinion of the Court                15

We disagree with Harrison and the Fourth Circuit's reading of the instructions. While the third element does not contain parentheticals, interpreting the instructions this way would produce a series of illogical results given that the court must initially indicate a specific form of robbery. To provide just one example, Harrison's interpretation would allow a jury to somehow find a defendant committed "robbery by suddenly snatching" using force or intimidation but *not* sudden snatching. This interpretation would be contrary to Georgia caselaw that clearly indicates the three forms of robbery are committed in distinct ways. We reject this interpretation of the jury instructions.

Harrison's second argument seems to cut the exact opposite way: he argues more recent versions of Georgia's jury instructions, including the current version, now provide too much detail into how the offense was committed. The current instructions provide:

For robbery, the State must prove that the Defendant

1. took another person's property

2. (directly from the other person) (from the other person's immediate presence)

3. (by force) (by sudden snatching) (by intimidation) (by threats) (by placing the other person in fear of receiving immediate serious bodily injury) (by placing the other person in fear that someone else would receive immediate serious injury) and

4. with the intent to commit theft.

*Id.* Harrison reads the new wording of the third element as supporting indivisibility because it allows a court to tailor the instructions to be more specific than simply charging robbery by force, robbery by intimidation, or robbery by sudden snatching. Consequently, Harrison maintains the instructions indicate all the alternatives are means. We disagree. *Mathis* directs us to look to record materials and determine if they reference one statutory alternative "to the exclusion of all others." *Mathis*, 579 U.S. at 519. These instructions do just that. The fact they direct a court to further tailor the instructions "to the indictment and evidence," 2007 PATTERN JURY INSTRUCTIONS, *supra*, does not indicate that Georgia's robbery statute is indivisible.

In sum, after reviewing the text, Georgia caselaw, and the record materials, we are satisfied the statute is divisible. Therefore, we apply the modified categorical approach to robbery by intimidation.

### B. Crime of Violence

We must next determine whether robbery by intimidation is a crime of violence. We hold that it is under the enumerated clause of the Guidelines.

The enumerated clause lists several crimes that qualify as a crime of violence. U.S.S.G. § 4B1.2(a)(2). The list includes "robbery." *Id.* To apply the categorical approach to the enumerated clause, we compare the particular offense at issue to the "generic form" of the offense listed. *United States v. Lockley*, 632 F.3d 1238,

1242 (11th Cir. 2011). This generic form is derived by looking to the "offense as defined by the States, learned treatises, and the Model Penal Code." *Id.* If the offense "follows the generic definition of [an offense] with only minor variations, or is narrower than the generic offense," the offense is a crime of violence under the enumerated clause. *Id.* If the offense is broader than the generic form, it is not a crime of violence for sentencing purposes. *Id.* We define the generic form of robbery as "the taking of property from another person or from the immediate presence of another person by force *or* intimidation." *Id.* at 1244 (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)).

Robbery by intimidation under Georgia law falls squarely within the generic definition of robbery. The offense requires the property be taken "from the person or the immediate presence of another." O.C.G.A. § 16-8-40(a). And the defendant must effectuate the taking "[b]y intimidation." *Id.* § 16-8-40(a)(2). Georgia caselaw defines the intimidation required as "that terror likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person." *State v. Epps*, 476 S.E.2d 579, 580 (Ga. 1996) (cleaned up). Georgia robbery by intimidation clearly requires (1) the taking of property, (2) from another person or from the immediate presence of another person, and (3) by

intimidation. It thus qualifies as a crime of violence under the enumerated clause of the Guidelines.[5]

### III.

Because Georgia's robbery statute is divisible and robbery by intimidation under Georgia law is a crime of violence under the Guidelines, we must vacate Harrison's sentence and remand for resentencing in accordance with this opinion.

**VACATED** and **REMANDED.**

---

[5] Because we hold the offense is a crime of violence under the enumerated clause, we need not reach the Government's alternative argument that the offense qualifies as a crime of violence under the elements clause.